UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick Terrell Graham, | ) | Cr. No. 4:04-729-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed a Motion to File Response out of Time and for Summary Judgment, Docket entry #55.

On July 28, 2004, petitioner was indicted for possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e). On February 22, 2005, petitioner entered a plea of guilty to the charge. On May 4, 2005, petitioner was sentenced to 180 months imprisonment and five years of supervised release. The Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence on August 11, 2006. The United States Supreme Court denied *certiorari* on October 16, 2006.

Petitioner filed this motion pursuant to 28 U.S.C. § 2255 on May 14, 2007. On May 14, 2007, this Court entered an order requiring the government to answer within twenty days. On June 6, 2007, the government filed a motion for an extension of time to file a response. By Order dated June 6, 2007, this Court granted the motion and ordered that the government would

1

have twenty days after receipt of the affidavit of defense counsel to file a response. Defense counsel filed his affidavit on July 25, 2007. On August 17, 2007, Petitioner filed a motion for hearing. On March 17, 2008, the government filed its motion to file response out of time and for summary judgment.

Before reaching the merits of the case, the Court shall address the government's motion to file a response out of time. The Court does not condone the lateness of the government's response. However, in the interests of justice, the Court will consider the government's response and motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

In order to prevail on a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party makes an initial showing, the nonmoving party must demonstrate material facts which create a genuine issue of fact. Conclusory allegations are not sufficient to withstand summary judgment. *Anderson v. Liberty Lobby, Inc.*, 369 477 U.S. 242, 248 (1986).

## DISCUSSION

**I. Alleged Ineffective Assistance of Counsel and Alleged Failure of the Court to Advise of Possible Punishment, Allegedly Resulting in Involuntary Plea**

2

Petitioner contends first that: "By virtue of ineffective assistance of counsel and the court's failure to strictly adhere to Rule 11(b)(1)(H) and (I) of the Federal Rules of Criminal Procedure, Petitioner entered both an involuntary and unintelligent guilty plea." (Petition, p. 3).

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONSTITUTION. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, n.14 (1970)). "This right to effective assistance of counsel extends to require such assistance on direct appeal of a criminal conviction." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (*en banc*) (citing *Evitts v. Lucey*, 469 U.S. 387, 396 (1985)).

In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland*, 466 U.S. 668: (1) that his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id*. at 697.

Petitioner must first demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

In addition to showing ineffective representation, petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

When a district court fails to inform a criminal defendant that he faces a mandatory minimum sentence during a Rule 11 proceeding, the Fourth Circuit has found a violation of the defendant's substantial rights. Fed. R. Crim.P. 11(c)(1); *United States v. Goins*, 51 F.3d 400 (4th Cir. 1995)("There is no evidence in the record that [the defendant] was aware that he was subjecting himself to a mandatory five-year sentence by pleading guilty. We therefore hold that the trial court's failure to inform the defendant during the Rule 11 proceeding that a guilty plea would result in a mandatory minimum sentence of five years constituted reversible error."). *See also United States v. General*, 278 F.3d 389 (4th Cir. 2002) (finding no violation of "substantial rights" in failure to advise the defendant of "mandatory minimum" where it was "plainly stated" in the plea agreement and the record revealed the defendant was aware of it.)

Petitioner asserts that his guilty plea hearing did not conform to Rule 11[1] due to the fact that neither his attorney nor this court properly informed him regarding the penalties that he faced if he pleaded guilty. On the contrary, the record reveals that the court advised the

---

[1] Issues relating to the adequacy of the court's colloquy would normally be addressed on direct appeal rather than in a Petition for Writ of Habeas Corpus.

4

petitioner of the possible penalties; counsel indicated on the record that he had explained the penalties to him; and the petitioner acknowledged on the record that counsel had explained the possible penalties to him.

> The transcript of the guilty plea hearing includes the following colloquy:
>
> Court: Let's discuss the possible penalties and punishments. Do you understand that if 18 U.S.C. Section 924 applies, that the maximum possible penalty under this count is life imprisonment . . . and that there's a mandatory minimum sentence of 15 years, do you understand that?
> Defendant Graham: Yes, Sir.
> The Court: And Mr. Nettles, have you explained to him Section 924?
> Mr. Nettles: I've explained to him how Section 924(e) operates, your Honor.
> The Court: And you're satisfied he understands about the three prior offenses, serious drug offenses or violent felonies?
> Mr. Nettles: Well, I've explained to him, Judge, like in the last case, I understand that *Almendores-Torres* is still law and the government is not required to plead or prove the three priors in the indictment.  However, we think the next logical extension of the rule announced in *Apprendi* is that priors have to be pleaded and proved to a jury.  We would take the position at sentencing he would not be an armed career criminal, but he understands the state of the law at this time.
> The Court: All right, he understands the state of the law at this time, if 924(e) applies, then the possible penalties I've mentioned would apply.
> Mr. Nettles: That that would be determined at sentencing, yes, sir, although we're raising our objection at this point.
> The Court: Does he, do you also understand, Mr. Graham, that if 924(e) does not apply, that the maximum possible penalty under this count is ten years imprisonment, plus a fine of up to $250,000, plus up to 3 years supervised release, plus a special assessment of one hundred dollars.  Do you understand that?
> The defendant Graham: Yes, Sir.
> The Court: All right.  Do you understand the nature of the charges against you and the range of possible punishments?
> The defendant Graham: Yes, Sir.
> The Court: You've explained those to him, Mr. Nettles, is that correct?
> Mr. Nettles: Yes, Sir, your honor.

(Transcript of Guilty Plea Hearing on February 22, 2005, pp. 43-45.)

The record reflects that both the court and counsel explained to the petitioner that he could be subject to the Armed Career Criminal Act and explained the range of possible punishments. This argument lacks merit.

## II. Alleged *Apprendi /Washington* violation

Petitioner argues that he received ineffective assistance of counsel because his attorney failed to object to the district court's alleged reliance on facts outside the indictment, which resulted in his being sentenced pursuant to the Armed Career Criminal Act. The petitioner argues that his attorney should have objected on the basis of *United States v. Washington*, 404 F.3d 834 (4th Cir. 2005), applying the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the court's consideration of his prior convictions as contained in the presentence report, which referenced facts about his prior convictions which were not contained in the indictment or in other judicial documents relating to the prior convictions and which were not found by a jury.

In *Apprendi*, 530 U.S. at 490, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Washington*, the Fourth Circuit addressed the scope of the 'fact of a prior conviction' exception to the Sixth Amendment protections outlined in *Apprendi*. In *Washington*, the district court considered "facts outside the indictment" in concluding that Washington's prior breaking and entering conviction was a crime of violence. The Fourth Circuit held that such consideration

ran afoul of the Sixth Amendment, as addressed by the Supreme Court's recent decisions.

In the case at bar, counsel did object at the sentencing hearing to the court's consideration of prior convictions in finding that the petitioner should be sentenced as an armed career criminal. The record reflects the following arguments by counsel:

> Mr. Nettles: I'd like to start out by saying that while this defendant pled guilty to section 922(g)(1), he did not plead guilty to the enhanced penalties under 924(e). The probation officer has determined that Mr. Graham, by virtue of his prior record, is an armed career criminal. My response to the presentence report, which the court has, through the Addendum . . . Basically, *Almendores-Torres* is the case that allows the court to consider prior convictions not alleged in indictments and enhance sentences, make sentences greater based on those prior convictions, and though they weren't alleged in an indictment or pled to a jury. We think even though *Almendores-Torres* hasn't been explicitly overruled by the United States Supreme Court, that the logic underlying *Apprendi*, *Blakely*, *Ring*, *Shepard*, and *Booker*, the logical extension of those cases is such that prior convictions that are not alleged in an indictment and found by a jury beyond a reasonable doubt cannot be used to enhance one's sentence.
> I would direct the Court to Justice Thomas' concurrence in *Apprendi* at 530 U.S. 531. . . where he lays down his logic and again, when he concurs in *Shepard* where he says, innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendores-Torres*. . .
> We think 18 U.S.C. § 924(e) is unconstitutional as applied to this defendant, and also unconstitutional on its face to the extent it authorizes the court to impose an enhanced sentence without an indictment first alleging the priors and then a jury considering those. We would maintain that the absolute highest sentence that Mr. Graham could be sentenced to is up to ten years.

(Transcript of Sentencing Hearing, May 4, 2005, pp. 3-4).

Based on the above, it is apparent that counsel did object to the enhancement on the basis now argued by the petitioner.

In addition, unlike the judicial fact-finding involved in *Washington* regarding the defendant's prior convictions, this Court did not engage in any judicial fact-finding when

7

assessing Petitioner's prior convictions. Moreover, unlike in *Washington*, there was no dispute as to whether Petitioner's prior convictions fit under 18 U.S.C. § 924(e) as prior violent felonies. Simply because the presentence report contained other statements concerning those convictions, such as the name of the attorney and a brief recitation of the facts, does not mean that this Court considered or based its decision on those statements. These predicate offenses clearly qualified as prior violent felonies. Therefore, there is no evidence that this Court engaged in any impermissible fact finding concerning a prior conviction. *See also United States v. Thigpen*, 456 F.3d 766, 770 (7th Cir. 2006) (rejecting the defendant's argument that the district court violated *Shepard v. United States*, 544 U.S. 13 (2005) when it considered the presentence report, which contained information beyond the crimes of conviction, because the district court "did not have to go beyond the actual convictions" to determine that the prior convictions constituted crimes of violence.)

For these reasons, the court finds that the petitioner is not entitled to relief on this ground. Therefore, petitioner's claim on this ground is denied.

## II. Ineffective Assistance of Counsel on Direct Appeal

Petitioner next asserts that his counsel failed to assert the *Apprendi/Washington* issue on appeal to the Fourth Circuit and that this resulted in a denial of effective assistance of counsel. The Court takes judicial notice of the fact that the brief filed by counsel for the petitioner does raise the issues raised herein. The Court has *sua sponte* obtained a copy of the Fourth Circuit brief filed by counsel for the petitioner and has directed the Clerk to file it in the district court

record. Although the brief does not specifically cite *Washington,* the court believes that it sufficiently raised the issue before the Fourth Circuit, which granted a motion for summary affirmance. Therefore, the petitioner's motion on this ground is denied.

The court finds that petitioner's counsel was not ineffective in any respect.[2] Therefore, petitioner's claim for ineffective assistance of counsel is denied.

## CONCLUSION

For the reasons contained herein, petitioner's motion to vacate, set aside, or correct his sentence and motion for hearing are denied and the government's motion to file response out of time and for summary judgment is granted.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 2, 2008
Florence, South Carolina

---

[2] Having found that petitioner has not shown that counsel's performance was deficient, it is unnecessary for the court to examine the prejudice component of the *Strickland* test.