UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derrick Terrell Graham, ) | Crim. No.: 4:04-cr-00729-RBH-1 |
| ) | Civil Action No.: 4:16-cv-01416-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's [ECF No. 82] motion to vacate pursuant to 28 U.S.C. § 2255. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner argues he was improperly classified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

On June 29, 2016, the government filed a response and motion for summary judgment arguing Petitioner was not entitled to relief because he has three predicate offenses which continue to qualify him as an armed career criminal. The issue in this case is whether Petitioner's prior convictions for breaking and entering in North Carolina qualify as a violent felonies under the ACCA.

For the reasons stated below, the Court grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

**Procedural History**

On February 22, 2005, Petitioner pled guilty to felon in possession of a firearm in violation

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

of 18 U.S.C. § 922(g). The Presentence Investigation Report prepared by the U.S. Probation Office determined that Petitioner's advisory guideline range was 180 to 210 months imprisonment. A sentencing hearing was held on May 4, 2005. At sentencing, the Court sentenced Petitioner to 180 months imprisonment. The judgment was entered on May 16, 2005.

Petitioner's first motion to vacate pursuant to 28 U.S.C. § 2255 was denied on July 2, 2008. The Fourth Circuit Court of Appeals authorized the present § 2255 motion to vacate on May 4, 2016.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding

2

under § 2255.").

## **Discussion**

Petitioner argues he was improperly designated an armed career criminal under the ACCA. Specifically, Petitioner argues his three prior convictions for North Carolina breaking and entering under N.C. Gen. Stat. § 14-54(a) are not ACCA predicates because breaking and entering under § 14-54 is broader than the definition for generic burglary. Petitioner contends the definition of "building" in the N.C. statute is broad enough to include a recreational vehicle and therefore does not fit the definition of generic burglary under *United States v. Henriquez*, 757 F.3 144 (4th Cir. 2014).

Title 18 U.S.C. § 924(e) ("ACCA") provides for a mandatory minimum sentence of 15 years for any person convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) provided that person has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).

The term "violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

Subsection (ii), which references "burglary, arson, or extortion, involves use of explosives," is referred to as the "enumerated clause." In order to qualify as an ACCA predicate under the

3

enumerated clause, the elements of the state crime cannot be broader than the elements of an enumerated generic crime. *See Taylor v. United States*, 495 U.S. 575, 599 (1990).

After the parties filed their briefs in this case, the Fourth Circuit Court of Appeals held that North Carolina breaking and entering under N.C. Gen. Stat. § 14-54 qualifies as a violent felony under the ACCA. *See United States v. Beatty*, No. 16-4439, 2017 WL 3225644 (4th Cir. July 31, 2017). The Fourth Circuit rejected the argument Petitioner raises here and stated "North Carolina Breaking and Entering's 'building' element sweeps no broader than generic burglary's 'building' element." *Beatty*, 2017 WL 3225644 at *2.

Consistent with *Beatty*, this Court holds that Petitioner's three prior convictions for North Carolina breaking and entering qualify as violent felonies under the ACCA. Petitioner was properly sentenced to 180 months imprisonment as an armed career criminal under 18 U.S.C. § 924(e).

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

For the reasons stated above, the government's [ECF No. 90] motion for summary judgment is **GRANTED** and Petitioner's [ECF No. 82] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

October 18, 2017                                                      s/ R. Bryan Harwell
Florence, South Carolina                           R. Bryan Harwell
                                                                                        United States District Judge